IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| J. R. CAMBRON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: **1:06-cv-970-WKW** |
| | ) |
| UNITED STATES DRUG | ) |
| ENFORCEMENT ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

## DRUG ENFORCEMENT ADMINISTRATION'S MOTION TO DISMISS

COMES NOW defendant, the United States Drug Enforcement Administration (DEA), by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and pursuant to Rule 12 (b)(1) of the Federal Rules of Civil Procedure, moves to dismiss Plaintiff's claims for lack of subject-matter jurisdiction. In support of this motion, the DEA states as follows:

1. Absent a waiver, sovereign immunity shields agencies of the Federal Government from suit. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Sovereign immunity is jurisdictional, and the terms of the waiver define the Court's subject-matter jurisdiction. *Id.*

2. Waivers of sovereign immunity must be strictly construed in favor of the sovereign. *Orff v. United States*, 545 U.S. 596, 125 S.Ct. 2606, 2610 (2005). The scope of a waiver will be narrowly construed in favor of immunity. *Lane v. Pena*, 518 U.S. 187, 192 (1996)(collecting cases).

3. A waiver of sovereign immunity "must be unequivocally expressed in statutory text." *Id.*

    4.    Plaintiff purports to sue the DEA for breach of contract pursuant to the Little Tucker Act, 28 U.S.C. § 1346 (2). Complaint ¶ 1. *See, Begner v. United States*, 428 F.3d 998, 1002 n. 4 (11th Cir. 2005)(explaining that the "Tucker Act has a sibling known as the Little Tucker Act, 28 U.S.C. § 1346 (a)(2), which grants concurrent jurisdiction to both the U.S. [D]istrict [C]ourts and the Court of Federal Claims for contractual claims against the United States not exceeding $10,000")(internal quotes and citation omitted).

    5.    The United States is the only proper party defendant in a Little Tucker Act suit. By its plain terms, the Little Tucker Act waives sovereign immunity for claims "***against the United States***[.]" 28 U.S.C. § 1346 (a)(2)(emphasis added). The statute does not waive sovereign immunity for claims against federal agencies such as the DEA. *See*, *Blackmar v. Guerre*, 342 U.S. 512, 515 (1952)(holding that "[w]hen Congress authorizes one of its agencies to be sued eo nomine, it does so in explicit language").

    6.    Accordingly, this Court lacks subject-matter jurisdiction over plaintiff's claims against the DEA because there is no waiver of sovereign immunity for such claims.

    **WHEREFORE**, plaintiff's claims against the United States Drug Enforcement Administration should be dismissed for lack of subject-matter jurisdiction.

Respectfully submitted this 22th day of December, 2006.

                                  LEURA G. CANARY
                                  United States Attorney

By:  s /Stephen M. Doyle
      STEPHEN M. DOYLE
      Chief, Civil Division
      Assistant United States Attorney
      Attorney for Defendant
      Post Office Box 197
      Montgomery, AL  36101-0197
      District of Columbia Bar No. 422474
      Telephone No.: (334) 223-7280
      Facsimile No.: (334) 223-7418
      **E-mail:  stephen.doyle@usdoj.gov**

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Charles R. Niven, Esquire.

                                  s/Stephen M. Doyle
                                  Assistant United States Attorney