IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| J. R. CAMBRON, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
|       v. | ) Civil Action No.: **1:06-cv-970-WKW** |
| | ) |
| UNITED STATES, | ) |
| | ) |
|       Defendant. | ) |

**UNITED STATES' MOTION TO DISMISS AMENDED COMPLAINT**

COMES NOW defendant, the United States, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and pursuant to Rule 12 (b)(1) of the Federal Rules of Civil Procedure, moves to dismiss Plaintiff's amended complaint for lack of subject-matter jurisdiction. The grounds for this motion are as follow:

1. Plaintiff alleges that this action arises "as a result of a contract for services" with the Drug Enforcement Administration (DEA). Amd. Compl. ¶ 1. He asserts the Little Tucker Act, 28 U.S.C. § 1346 (a)(2), as a basis for subject-matter jurisdiction in this Court. *Id.*

2. "'At the motion to dismiss stage, all well-pleaded facts are accepted as true [.]'" *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)*(quoting, Bryant v. Avando Brands, Inc.*, 187 F.3d 1271, 1273 n. 1 (11th Cir. 1999).

3. By its express terms, the Little Tucker Act ***does not*** grant the District Courts jurisdiction for contract claims that are covered by the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 601-613. 28 U.S.C. § 1346 (a)(2)(providing that "the district courts ***shall not*** have jurisdiction of any civil action or claim against the United States founded upon any express or

implied contract[s] . . . which are subject to sections 8(g)(1) and 10(a)(1) of the Contract Disputes Act of 1978."(emphasis added)). *See also*, *Demontiney v. United States*, 255 F.3d 801, 810 (9th Cir. 2001)(holding that the Little Tucker Act, as amended by the CDA, does not give District Courts jurisdiction for contract claims covered by the CDA even if the claim is for an amount less than $10,000); *Bellsouth v. United States*, 991 F.Supp. 920, 926-27 (E.D. Tenn. 1996)(holding same).

    4.    The CDA "appears to be the paradigm of a precisely drawn, detailed statute that preempts more general jurisdictional provisions. It purports to provide final and exclusive resolution of all disputes arising from government contracts covered by the statute." *A&S Council Oil, Inc. v. Lader*, 56 F.3d 234, 241 (D.C. Cir. 1995)(internal quotes and citation omitted).

    5.    The CDA covers "any express or implied contract . . . entered into by an executive agency for," among other things, "the procurement of services[.]" 41 U.S.C. § 602 (a)(1). Plaintiff alleges that his claim arises from "a contract for services." Amd. Complaint ¶ 1. Therefore, it is covered by the CDA.

    6.    Section 5 of the CDA establishes an administrative claim procedure for all contract disputes. 41 U.S.C. § 605. Section 5 (a) provides that "[a]ll claims by a contractor against the government relating to a contract shall be in writing and shall be submitted to the contracting officer for decision."[1] *Id.* The contracting officer's decision on the claim is final and only subject to review as provided by the CDA. 41 U.S.C. § 605 (b)(providing that "[t]he

---

[1] The CDA defines a "contractor" as "a party to a Government contract other than the Government[.]" 41 U.S.C. § 601 (4).

contracting officer's decision on the claim shall be final and not subject to review by any forum, tribunal, or Government agency, unless an appeal or suit is timely commenced as authorized by this chapter").

7. Sections 8 and 9 of the CDA provide for administrative agency boards of contract appeals to review contracting officers' decisions. 41 U.S.C. §§ 607-08. *See*, 41 U.S.C. § 607 (d)(providing that "[e]ach agency board shall have jurisdiction to decide any appeal from a decision of a contracting officer").

8. Section 10(a)(1) of the CDA allows a contractor to bypass the administrative boards of contract appeals and bring a lawsuit directly in the Court of Federal Claims. 41 U.S.C. § 609 (a)(1)(providing that "in lieu of appealing the decision of the contracting officer under section 605 of this title to an agency board, a contractor may bring an action directly on the claim in the United States Claims Court"[2]). The CDA only authorizes two forums to review a contracting officer's decisions: appeals to an agency board of contract appeals or an action in the Court of Federal Claims. *A&S Council*, 56 F.3d at 277. "The intent behind this scheme is to confine these government contract disputes to expert tribunals created expressly for that purpose." *United States v. Suntip Co.*, 82 F.3d 1468, 1474 (9th Cir. 1996).

9. Because plaintiff is bringing a claim against the Government relating to a contract for services, his sole avenue for judicial review is an action in the Court of Federal Claims pursuant to section 10 (a)(1) of the CDA. 41 U.S.C. § 609 (a)(1). *See also*, *Demontiney*, 255

---

[2]From Oct. 1, 1982 until Oct. 28, 1992, the Court was named the United States Claims Court. The Court's name was changed to the United States Court of Federal Claims as part of the Federal Court Administration Act of 1992, Pub. L. No. 102-572, 106 Stat. 4506 (1992).

F.3d at 810; *Bellsouth*, 991 F.Supp. at 926-27. Therefore, this Court lacks jurisdiction under the Little Tucker Act. 28 U.S.C. § 1346 (a)(2)(providing that the District Courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contracts which are subject to sections 8(g)(1) and 10(a)(1) of the CDA).

10. In addition, plaintiff fails to allege that he submitted a written claim to the contracting officer in accordance with section 5 (a) of the CDA and that the contracting officer issued an adverse decision. 41 U.S.C. § 605. Therefore, he has failed to exhaust his administrative remedies which is a jurisdictional prerequisite to suit in any forum. *Id.*

11. Accordingly, this Court lacks subject-matter jurisdiction.

**WHEREFORE**, the United States requests that plaintiff's Amended Complaint be dismissed in its entirety for lack of subject-matter jurisdiction.

Respectfully submitted this 24th day of January, 2007.

                LEURA G. CANARY
                United States Attorney

By:  s /Stephen M. Doyle
      STEPHEN M. DOYLE
      Chief, Civil Division
      Assistant United States Attorney
      Attorney for Defendant
      Post Office Box 197
      Montgomery, AL  36101-0197
      District of Columbia Bar No. 422474
      Telephone No.: (334) 223-7280
      Facsimile No.: (334) 223-7418
      **E-mail:  stephen.doyle@usdoj.gov**

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Charles R. Niven, Esquire.

                                      s/Stephen M. Doyle
                                      Assistant United States Attorney